UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GERETHA R. R., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations <br><br> Defendant. | Case No. 2:17-cv-01474-TLF <br><br> ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION TO DENY BENEFITS |

Plaintiff appeals the Commissioner's denial of her applications for disability insurance and supplemental security income ("SSI") benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Commissioner's decision is reversed and remanded for further administrative proceedings.

PROCEDURAL BACKGROUND

On August 17, 2011, plaintiff applied for disability insurance and SSI benefits. Dkt. 8,

Administrative Record (AR) 1203. She alleges she became disabled beginning July 1, 2004. *Id.* The Commissioner denied the applications on initial administrative review and on reconsideration. *Id.*

Following a hearing, an administrative law judge ("ALJ") determined plaintiff to be not disabled. AR 19-40. Plaintiff appealed that decision to this Court, which remanded the matter for further administrative proceedings based on the stipulation of the parties. AR 1306-1308. On remand, following an additional hearing, a second ALJ found plaintiff to be not disabled as well. AR 1203-1218. Specifically, the ALJ employed the Commissioner's five-step sequential evaluation process to find that at step five thereof, plaintiff could perform other jobs existing in significant numbers in the national economy. AR 1209-1218.

Plaintiff seeks reversal of the ALJ's decision and remand for an award of benefits or, in the alternative, for further administrative proceedings.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless it is: (1) based on legal error; or (2) not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Id.* (quoting *Desrosiers*, 846 F.2d at 576).

The ALJ is responsible for determining credibility, and for resolving any conflicts or ambiguities in the record. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). If more than one rational interpretation can be drawn from the evidence, then the

Court must uphold the ALJ's interpretation. *Trevizo*, 871 F.3d at 674-75. That is, where the evidence is sufficient to support more than one outcome, the Court uphold the decision the ALJ made. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court, however, may not affirm by locating a quantum of supporting evidence and ignoring the non-supporting evidence. *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports, and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* at 1010. Rather, only the reasons the ALJ identified are considered in the scope of the Court's review. *Id.*

## ISSUES FOR REVIEW

1. Whether the ALJ erred in failing to comply with the Court's prior remand order?

2. Whether the ALJ erred in failing to properly evaluate the 2011, 2012, 2013, and 2016 opinions from Raji Venkateswaran, M.D., as well as the opinion evidence from Donna Nickelberry, MSW, Auky VanBeek, PA-C, and Allen Lee, M.D.?

3. Whether the ALJ erred in finding plaintiff had the residual functional capacity ("RFC") to perform light work?

4. Whether the ALJ erred in failing to find plaintiff disabled as directed by the Commissioner's Medical Vocational Guidelines?

## HOLDING

After carefully considering each of the issues plaintiff has raised, along with the ALJ's decision and the administrative record, the Court holds the ALJ erred in failing to properly evaluate Dr. Venkateswaran's 2011 opinion. Because of that error, the ALJ's determination of non-disability is not supported by substantial evidence and accordingly is reversed. The Court

remans this matter, but solely for further consideration of Dr. Venkateswaran's 2011 opinion in relation to plaintiff's ability to function for the 12 month period following Dr. Venkateswaran's issuance of that opinion.

## DISCUSSION

I. *The ALJ's Evaluation of the Medical Opinion Evidence*

An ALJ must give "clear and convincing" reasons supported by substantial evidence to reject a treating or examining physician's uncontradicted opinion. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even where contradicted, the ALJ may reject a treating or examining physician's opinion only by providing "specific and legitimate" reasons that are supported by substantial evidence. *Id.*

The ALJ can meet this requirement by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his or her interpretation thereof, and making findings. *Revels*, 874 F.3d at 654. The ALJ generally must weigh a treating physician's opinion more heavily than an examining physician's, and an examining physician's opinion more heavily than a non-examining (reviewing) physician's. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014). A non-examining (reviewing) physician's opinion is not by itself sufficient to justify rejecting the opinion of either an examining or a treating physician, *Revels*, 874 F.3d at 655, though it can constitute substantial evidence if "it is consistent with other independent evidence in the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ need not discuss every item of evidence presented, *Hiller v. Astrue* 687 F.3d 1208, 1212 (9th Cir. 2012). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995). In addition, the ALJ may reject even a treating physician if it is "brief, conclusory, and inadequately supported"

by objective medical findings or "the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

Plaintiff's treating physician, Raji Venkateswaren, M.D., completed a physical functional assessment form dated October 26, 2011, opining that plaintiff had postural, gross or fine motor skill, and environmental restrictions. AR 113. Dr. Venkateswaren further opined that plaintiff could sit for most of the day, walk or stand for brief periods, lift a maximum of 20 pounds and two pounds frequently. AR 1113. Dr. Venkateswaran expected plaintiff's "work function" to be impaired for a period of 12 months. *Id.*

Plaintiff argues the ALJ erred by not addressing this opinion in her decision. The Court agrees. Defendant argues no error was committed, because ALJ Dethloff discussed that opinion in the prior decision and the ALJ incorporated that discussion by reference. Dkt. 11, p. 3 (citing AR 32, 1204). Because the prior ALJ's reasons for giving limited weight to Dr. Venkateswaren's opinion were proper, defendant goes on to argue, and because other evidence in the record – which the ALJ referenced – support those reasons, the Court should find no further explanation by the ALJ was needed.

The ALJ stated that while the prior ALJ's decision was vacated, it remained in the record "as a summary and discussion of the evidence and is being incorporated into this decision for that purpose and to the extent that it is consistent with the findings below." AR 1204.

There is nothing to indicate from the above language that the ALJ agreed with or relied on the specific reasons the prior ALJ gave for giving limited weight to the 2011 opinion, or even that the ALJ intended to or in fact did discount it. That the ALJ simply failed or decided not to address that opinion is bolstered by the fact that the ALJ expressly discussed and gave specific reasons for rejecting Dr. Venkateswaran's 2012 opinion, which the prior ALJ also addressed in

his opinion. AR 34, 1213-1214. The ALJ gave no reason why she chose to address the latter opinion but not the former.

Accordingly, because the RFC assessment the ALJ adopted does not incorporate all of the functional limitations found by Dr. Venkateswaran's 2011 opinion (AR 1209), the ALJ erred by failing to explain why "significant probative evidence has been rejected." *Flores*, 49 F.3d at 570-71.[1]

II.  *Remand for Further Administrative Proceedings*

Plaintiff seeks reversal and remand for an award of benefits. "The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo*, 871 F.3d at 682 (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)).

A direct award of benefits would be warranted if the following conditions are met: First, the record has been fully developed; second, there would be no useful purpose served by conducting further administrative proceedings; third, the ALJ's reasons for rejecting evidence

---

[1] Plaintiff also argues the ALJ erred in failing to address the December 2004 opinion of Auky VanBeek, PA-C (AR 383), and the April 2007 opinion of Allen Lee, M.D. (AR 754). However, at the outset of her decision the ALJ noted that plaintiff failed to appeal the initial denial of concurrent previous applications for disability benefits she had filed on January 9, 2007. AR 1204. Those applications were denied on May 18, 2007. *Id.* Because plaintiff did not appeal that denial, the ALJ found the denial to be administratively final and would not be reopened. *Id.* (citing 20 C.F.R. § 404.987(a) ("Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review and that determination or decision becomes final."); 20 C.F.R. § 416.1487(a) (same)). Accordingly, the ALJ determined that despite an alleged onset date of disability of July 1, 2004, the relevant period for determining benefits eligibility began May 19, 2007. AR 1204. The ALJ, furthermore, expressly stated that "[w]hile the evidence discussed below may refer to evidence dated prior to this date, these references are merely used to establish a longitudinal picture of the claimant's medical history, and do not constitute an implied reopening of her previous claim(s)." *Id.*; *see Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995) (the Commissioner may apply administrative *res judicata* "to bar reconsideration of a period with respect to which [the Commissioner] has already made a determination, by declining to reopen the prior application"). And while there is an exception to the application of administrative *res judicata* "where the Commissioner considers 'on the merits' the issue of the claimant's disability during the already-adjudicated period" (*Lester*, 81 F.3d at 827), such is not the case here since, as just noted, the ALJ expressly stated that any discussion of evidence from the prior adjudicated period did not constitute an implied re-opening of the prior claims. *Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985) ("[W]here the [ALJ's] discussion of the merits is followed by a specific conclusion that the claim is denied on res judicata grounds, the decision should not be interpreted as re-opening the claim and is therefore not reviewable.").

(claimant's testimony or medical opinion) are not legally sufficient; fourth, if the evidence that was rejected by the ALJ were instead given full credit as being true, then the ALJ would be required on remand to find that the claimant is disabled; and fifth, the reviewing court has no serious doubts as to whether the claimant is disabled. *Leon v. Berryhill,* 880 F.3d 1041, 1045 (9th Cir. 2017) (amended January 25, 2018); *Revels,* 874 F.3d at 668.

If an ALJ makes an error and there is uncertainty and ambiguity in the record, the district court should remand to the agency for further proceedings. *Leon*, 880 F.3d at 1045 (quoting *Treichler v. Comm'r of Social Sec. Admin.,* 775 F.3d 1090, (9th Cir. 2014). If the district court concludes that additional proceedings can remedy the errors that occurred in the original hearing, the case should be remanded for further consideration. *Revels*, 874 F.3d at 668.

Here, remand for further administrative proceedings rather than a direct award of benefits is warranted. As discussed above, the ALJ erred only in regard to failing to address the 2011 opinion of Dr. Ventakeswaran, and -- given that Dr. Venketaswaran indicated plaintiff would be restricted as found for a period of 12 months -- further consideration of the record on remand should be limited to that period of time following the date of the 2011 opinion.

## CONCLUSION

Although the ALJ determined at step five of the sequential disability evaluation process that plaintiff had the RFC to make an adjustment to other work (AR 1217-1218), the ALJ erred in evaluating Dr. Venketaswaran's 2011 opinion – which assessed greater restrictions for the 12 month period following the issuance of that opinion than the ALJ found. The ALJ's RFC, and therefore his step five determination, thus are not supported by substantial evidence for that 12 month period.

Accordingly, the Commissioner's decision to deny benefits is REVERSED, and this matter is REMANDED for further administrative proceedings in accordance with the findings

contained herein.

Dated this 11th day of December, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION TO DENY BENEFITS - 8